IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLAYTON BELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL No: 5:22-CV-143-TES-CHW |
| | : | |
| Commissioner TIMOTHY WARD, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Clayton Bell, a prisoner currently incarcerated at the Johnson State Prison in Wrightsville, Georgia, seeking relief under 42 U.S.C. § 1983 (ECF No. 1). For the following reasons, the Court **DISMISSES** Plaintiff's claims against the Georgia Department of Corrections ("GDC") and GDC Commissioner Timothy Ward pursuant to 28 U.S.C. § 1915A. Because Plaintiff's remaining claims arise from events occurring at the Johnson State Prison and all remaining Defendants appear to be located there, Plaintiff's remaining claims and his pending motions are **TRANSFERRED** to the Southern District of Georgia for further review under 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.   **Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his current incarceration at the Johnson State Prison ("JSP"). Compl. 4, ECF No. 1. According to the Complaint, Plaintiff was involved in a physical altercation on January 7, 2022, which resulted in injuries to Plaintiff including a black eye and a broken arm. *Id.* Plaintiff alleges there was inadequate security and medical staff in the dorm at the time he was injured, and for approximately two weeks he suffered from "unbareable [sic] sharp, stabbing pains" in his arm for which he repeatedly sought medical treatment. *Id.* Ultimately, an x-ray confirmed that his arm had been broken, but prison medical staff only provided Plaintiff with "a make-shift splint and some 200 mg ibuprophen [sic]" at that time. *Id.* Meanwhile, Plaintiff "had lost the use of [his] right hand" and suffered "excrushiating [sic] pain" which disrupted his sleep and caused him difficulty with "simple, daily tasks." *Id.* at 6.

More than a month after the incident, Plaintiff saw an orthopedist who "asked [Plaintiff] why [he] waited so long to see him." Compl. 5, ECF No. 1. The orthopedist

3

recommended emergency surgery, which Plaintiff alleges the GDC "would not authorize, therefore causing a further delay in [his] medical care." *Id.* at 6. On February 10, 2022, Plaintiff received surgery that required his arm to be rebroken and the insertion of plates and screws. *Id.* Plaintiff contends that Defendants' failure to provide him with timely and adequate medical care violated his constitutional rights, and as a result he seeks injunctive relief and monetary compensation. *Id.* at 7.

### III. Discussion

Plaintiff has named four individuals as Defendants in this action: the GDC itself, GDC Commissioner Timothy Ward, JSP Warden Antonio Caldwell, and JSP Medical Unit Manager Ms. Bragg. Compl. 3, ECF No. 1. As an initial matter, the claims against the GDC itself must be dismissed. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, "[t]he Eleventh Amendment bars suits against a state for alleged deprivations of civil liberties unless the state has waived its immunity or 'unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.'" *Robinson v. Ga. Dep't of Transp.,* 966 F.2d 637, 640 (11th Cir.1992) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66 (1989)). The United States Supreme Court has "concluded that Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment." *Id.* (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)). Moreover, the State of Georgia has not waived its sovereign

immunity with respect to cases brought in federal court. *See* Ga. Const. art. I, § II, para. IX(f) ("No waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state ... by the United States Constitution."); *see also Robinson*, 966 F.2d at 640. As a state entity, the GDC is also entitled to Eleventh Amendment immunity. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [the plaintiff's § 1983] action against the Georgia Department of Corrections . . . . This Eleventh Amendment bar applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."); *see also Will*, 491 U.S. at 70 (states and governmental entities that are considered "arms of the state" are not considered "persons" capable of being sued under § 1983). Plaintiff's claims against the GDC should therefore be dismissed.

Plaintiff's claims against Defendant Ward must also be dismissed. Plaintiff has not alleged that Defendant Ward personally participated in any of the medical decision-making in this case. Plaintiff instead appears to be attempting to hold Defendant Ward liable in his supervisory capacity as the commissioner of the GDC. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

5

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff has not alleged any facts suggesting that a history of widespread abuse would have put Defendant Ward on notice of a need to correct the alleged constitutional deprivation in this case; nor has Plaintiff alleged that Defendant Ward had an improper custom or policy concerning inmates' medical care or that he directed his subordinates to act unlawfully (or knew they would do so and failed to stop them). Plaintiff has therefore failed to plead an adequate basis for holding Defendant Ward responsible for any alleged constitutional violation in this case, and he should therefore be dismissed from this action.

As noted above, Plaintiff's claims arise from his treatment at JSP, which is located in the Southern District of Georgia, and both remaining Defendants appear to be located there. After the dismissal of the GDC and Defendant Ward, there is no longer a basis for venue in this Court, and a proper venue for this case would be in the Southern District. *See* 28 U.S.C. § 1391(b). This case should thus be transferred to the Dublin Division of the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); 28 U.S.C. § 90(c)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against the GDC and Defendant Ward are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A.  The Clerk is also directed to **TRANSFER** this action and all pending motions to the Dublin Division of the Southern District of Georgia for further review under 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).  *See Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (per curiam) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction).

**SO ORDERED**, this 6th day of May, 2022.

S/Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT
